# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LAJUAN S.L. LOWERY, et al.,**

    **Plaintiffs,**

    v.                                                      **CASE NO. 21-3107-SAC**

**STATE OF KANSAS, el al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiffs are hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiffs' Complaint that are discussed herein.

**1. Nature of the Matter before the Court**

Plaintiffs bring this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiffs are detained at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"). The Court provisionally grants Plaintiffs leave to proceed *in forma pauperis*.

On April 16, 2021, the Complaint was filed listing the following Plaintiffs: LaJuan S.L. Lowery; John Anthony Wallingford; Matthew G. Ozment; Vondell L. Simmons; Dustin Robinson; Charles Ross; Ramaun Johnson; James H. Hill; Zara F. Watts, III; Don McAlister; Major Blango; John E. Mitchell; Kyle R. Klofstad; Preston M. Stotler; Brandon Sublett; and Arthur Marks. On April 26, 2021, a Supplement (Doc. 3) was filed adding the following Plaintiffs: David M. Payne; David A. Thomas, Jr.; Ryan VanDuisen; Marquis B. Holmes; William Cody Henshaw; Robert W. Meyer; Jesse A. Phillips; Phillip Pemberton; and Terrell Clark.

Plaintiffs allege in the Complaint that the District Court of Leavenworth County, the judges, public defenders and county attorneys are violating the inmates' sixth amendment right to effective assistance of counsel by not allowing inmates to keep discovery on their person. Plaintiffs allege that there is a contract between the county attorneys and public defenders to hinder the inmates' ability to assist with their own defenses. Plaintiffs allege that this is "discrimination toward inmates," and that their Fifth and Eighth Amendment rights are being violated.

Plaintiff LaJuan S.L. Lowery alleges that in his state criminal case he fired his attorney and then represented himself. Lowery alleges that even though he was representing himself he was not allowed to keep discovery on his person. Lowery alleges that he was not allowed to possess the discovery in Case No. 2019-CR-633 and was forced to waive his preliminary hearing due to his inability to properly prepare. (Doc. 1, at 13.) Plaintiff Lowry alleges that James Colgan was his "defense attorney/standby counsel" and that he was "representing [himself] at the time." *Id*. Plaintiff Lowery alleges that he is "traumatized" and "emotionally distressed" by these actions and injustices done against him. Lowery alleges that the judges did not order counsel to give Lowery discovery after he waived the right to counsel and they failed to overrule the agreement between the county prosecutors and the public defenders. Plaintiff Lowery then alleges that he is represented by Elaine Halley and she is withholding discovery from him. *Id*. at 14. Lowery alleges that he is being forced to use a public defender. *Id*. at 15. Lowery seeks one million dollars from the State of Kansas, one million dollars from Leavenworth County, and $75,000 from each defendant. *Id*.

In the Supplement, Plaintiffs alleges that they all have pending cases in the District Court of Leavenworth County, Kansas. (Doc. 3, at 5.) However, only Plaintiff Lowery sets forth facts regarding his individual situation. Plaintiff Lowery alleges that he filed a complaint with the chief

judge in mid-January but the agreement between the prosecutors and public defenders still remains in place. *Id*. He alleges that "[n]ot giving us our discovery violates our due process and right to assist our counsel." *Id*.

The Complaint names the following defendants: the State of Kansas; Leavenworth County; (fnu) (lnu) Leavenworth County Public Defender; Todd Thomason, Leavenworth County Attorney; Megan Williams, Leavenworth County Attorney; Benjamin N. Casad, Leavenworth County Public Defender; E. Elaine Hulley, Leavenworth County Public Defender; James Colgan, Leavenworth County Public Defender; Gerald Kuckleman, Leavenworth County District Judge; and (fnu) King, Leavenworth County Chief Judge.

Plaintiffs seek three million dollars for "emotional stress"; three million dollars for discrimination; and to have their state criminal cases dismissed. (Doc. 1, at 6.) In the Supplement, Plaintiffs also seek an additional one million dollars for negligence.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Eleventh Amendment Immunity

The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).  Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

The bar also applies when the entity is an arm or instrumentality of a state. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).  In determining whether an entity is an

instrumentality or arm of the state for purposes of Eleventh Amendment immunity, the Tenth Circuit has established a two-part inquiry, requiring an examination of: (1) "the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state," and (2) "the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing." *Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir. 1997) (citations omitted). "The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury." *Id*. (citations omitted).

Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals. *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3. The legislature defines "state agency," for purposes of the state workers' compensation fund, as "the state, or any department or agency of the state, but not including . . . the district court with regard to district court officers or employees whose total salary is payable by counties." K.S.A. 44–575(a). The only court personnel who are not included in the judicial personnel pay system, and are instead paid by the county, are county auditors, coroners, court trustees and personnel in each trustee's office, and personnel performing services in adult or juvenile detention or correctional facilities. K.S.A. 20–162(a), (b).

District court judges are state officials. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004), *see also Sigg v. Dist. Court of Allen Cty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims against judge for money damages are barred). A county district attorney's office, "to the extent that it is an entity that can be sued, is a branch or agency of the state under applicable law

6

and, therefore, is also immune under the Eleventh Amendment." *Collins v. McClain*, 207 F. Supp. 2d 1260, 1263 (D. Kan. 2002) (citations omitted); *see also White v. Blackwell*, 343 F. App'x 341, 342 (10th Cir. 2009) (damage claim against county prosecutor in her official capacity barred by Eleventh Amendment immunity); *McCormick v. Bd. of Cty. Comm'rs of Shawnee Cty.*, 24 P.3d 739, 746 (Kan. Ct. App. 2001) ("In Kansas, district attorneys are officers of the State.").

The official capacity claims against the state officials for monetary damages are barred by sovereign immunity. Furthermore, state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiffs should show good cause why the claims against the State of Kansas, state agencies, and state officials, for monetary damages should not be dismissed as barred by Eleventh Amendment immunity.

**2. Personal Immunity**

**a. Prosecutors**

Plaintiffs name county prosecutors as defendants. Plaintiffs' claims against the county prosecutors fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiffs' claims concerning their criminal cases fall squarely within the prosecutorial function. Plaintiffs are directed to show cause why the claims against the county prosecutors should not be dismissed based on prosecutorial immunity.

**b. Judges**

Plaintiffs name state court judges as defendants. State court judges are entitled to personal immunity. "Personal immunities . . . are immunities derived from common law which attach to

certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'" *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiffs' claims against the state court judges should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiffs allege no facts whatsoever to suggest that the defendant judges acted outside of their judicial capacity.

### c. Defense Counsel

Plaintiffs have not shown that the state court defense attorneys were acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)). A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983). Plaintiffs' claims against the defense attorneys are subject to dismissal for failure to state a claim.

### 3. Heck Bar and Habeas Nature of Claim

A request for release from imprisonment must be brought in a habeas action. To the extent Plaintiffs challenge the validity of any sentence in their state criminal cases, those federal claims must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim seeking release from imprisonment or challenging a state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiffs may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, they must show that their conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. If a Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United

States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiffs have not alleged that any conviction or sentence has been invalidated.

### 4. Younger Abstention

The Court may be prohibited from hearing Plaintiffs' claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiffs alleges that they all have pending cases in the District Court of Leavenworth County, Kansas. (Doc. 3, at 5.) Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in

enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiffs with an adequate forum to litigate their constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *see Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

Plaintiffs' request for compensatory damages for "emotional stress" is barred by 42 U.S.C. § 1997e(e), because Plaintiffs have failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

### 5. Failure to State a Claim

Plaintiff Lowery indicates that he has been denied the ability to keep his discovery from his state criminal cases on his person. Plaintiff's allegations are not entirely clear because he indicates at some points that he is representing himself, and at other time refers to standby counsel or states that he is represented by Elaine Halley. Plaintiff makes bald allegations of discrimination and violations of the Fifth and Eighth Amendments, but provides no factual allegations in support.

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

## IV. Motions

### 1. Motions for Leave to Proceed In Forma Pauperis

Plaintiff Lowery, Plaintiff Preston M. Stotler, Plaintiff Marquis B. Holmes, and Plaintiff

Jesse A. Phillips, are the only Plaintiffs that have filed motions for leave to proceed *in forma pauperis*. Lowery's first motion (Doc. 4) and the other three Plaintiffs' motions (Doc. 8, 11, 12) failed to include the required financial information. *See* 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ..") The Court issued a Notice of Deficiency regarding Plaintiff Stotler's motion and he was granted until May 27, 2021 to supply the missing financial information. (Doc. 9). Plaintiffs Holmes and Phillips are likewise granted unit May 27, 2021 to submit the six-month account statement. Failure to submit the financial information by that date will result in dismissal of these Plaintiffs without prejudice and without further notice pursuant to Rule 41(b).

Plaintiff Holmes indicates in his motion that he has requested a six-month statement from staff at the LCJ and one has not been provided. The Court will enter a separate order directing staff at the LCJ to provide statements for any Plaintiff requesting one.

Lowery's second motion (Doc. 10) includes the required financial information and will be granted. Lowery's first motion is denied as moot. The Court assesses an initial partial filing fee of $6.00, calculated under 28 U.S.C. § 1915(b)(1). Plaintiff is granted to and including May 27, 2021, to submit the fee. Any objection to the initial fee must be filed on or before the date payment is due. The failure to pay the fee as directed may result in the dismissal of this matter without further notice. Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of Plaintiff shall forward payments from Plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The clerk is to transmit a copy of this order to Plaintiff Lowery, to the finance office at the institution where Plaintiff is currently confined, and to the

Court's finance office.

All of the remaining Plaintiffs are also granted until May 27, 2021, in which to submit a proper motion for leave to proceed *in forma pauperis*.  Any Plaintiff failing to submit a proper motion, including the required six-month account statement, by that date will be dismissed from this action without further notice under Fed. R. Civ. P. 41(b).

**2. Motion for Appointment of Counsel**

Plaintiff Lowery has filed a Motion for Appointment of Counsel (Doc. 5), stating that he has been unsuccessful in finding counsel and that this is a class action suit.  However, this action has not been certified as a class action.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiffs have asserted

a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiffs appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiffs' Complaint survives screening.

## V. Response Required

Plaintiffs are required to show good cause why their Complaint should not be dismissed for the reasons stated herein. Failure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Lowery's Motion for Appointment of Counsel (Doc. 5) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff Lowery's motion for leave to proceed *in forma pauperis* (Doc. 10) is **granted.** Plaintiff Lowery must submit the $6.00 initial partial filing fee by **May 27, 2021.** Failure to submit the fee by that date may result in dismissal without prejudice and without further notice under Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff Lowery's motion for leave to proceed *in forma pauperis* (Doc. 4) is moot and therefore **denied.**

**IT IS FURTHER ORDERED** that Plaintiffs Stotler, Holmes and Phillips must submit their six-month account statement by **May 27, 2021**. Failure to submit the account statement by that date may result in dismissal without further notice under Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that all remaining Plaintiffs must submit a proper motion for leave to proceed *in forma pauperis*, including the six-month account statement, by **May 27, 2021**. Any Plaintiff failing to submit a proper motion with the required account statement by that date will be dismissed without further notice under Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiffs are granted until **June 8, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiffs' Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated May 11, 2021, in Topeka, Kansas.

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE