IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAJUAN S.L. LOWERY, et al.,**

    **Plaintiffs,**

    v.                                      CASE NO. 21-3107-SAC

**STATE OF KANSAS, el al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiffs bring this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiffs are detained at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"). On May 11, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 13) ("MOSC"), granting Plaintiffs until June 8, 2021, in which to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on the responses to the MOSC (Docs. 21, 26, 33, 36 and 37) and Plaintiff Lowery's motion to amend the complaint (Doc. 25).

**Background**

On April 16, 2021, the Complaint was filed listing the following Plaintiffs: LaJuan S.L. Lowery; John Anthony Wallingford; Matthew G. Ozment; Vondell L. Simmons; Dustin Robinson; Charles Ross; Ramaun Johnson; James H. Hill; Zara F. Watts, III; Don McAlister; Major Blango; John E. Mitchell; Kyle R. Klofstad; Preston M. Stotler; Brandon Sublett; and Arthur Marks. On April 26, 2021, a Supplement (Doc. 3) was filed adding the following Plaintiffs: David M. Payne; David A. Thomas, Jr.; Ryan VanDuisen; Marquis B. Holmes; William Cody Henshaw; Robert W. Meyer; Jesse A. Phillips; Phillip Pemberton; and Terrell Clark.

In the MOSC, the Court set deadlines for Plaintiffs to seek leave to proceed *in forma pauperis* and to submit initial partial filing fees. Plaintiffs Lowery, Payne, Holmes, Pemberton, Meyer, McAlister and Phillips, were granted leave to proceed *in forma pauperis*. The following Plaintiffs were dismissed from this action for failure to submit a proper motion for leave to proceed *in forma pauperis*: John Anthony Wallingford; Matthew G. Ozment; Vondell L. Simmons; Dustin Robinson; Charles Ross; Ramaun Johnson; James H. Hill; Zara F. Watts, III; Major Blango; John E. Mitchell; Kyle R. Klofstad; Preston M. Stotler; Brandon Sublett; Arthur Marks; David A. Thomas, Jr.; Ryan VanDuisen; William Cody Henshaw; and Terrell Clark. (Doc. 32.)

Plaintiffs allege in the Complaint that the District Court of Leavenworth County, the judges, public defenders and county attorneys are violating the inmates' sixth amendment right to effective assistance of counsel by not allowing inmates to keep discovery on their person. Plaintiffs allege that there is a contract between the county attorneys and public defenders to hinder the inmates' ability to assist with their own defenses. Plaintiffs allege that this is "discrimination toward inmates," and that their Fifth and Eighth Amendment rights are being violated.

Plaintiff LaJuan S.L. Lowery alleges that in his state criminal case he fired his attorney and then represented himself. Lowery alleges that even though he was representing himself he was not allowed to keep discovery on his person. Lowery alleges that he was not allowed to possess the discovery in Case No. 2019-CR-633 and was forced to waive his preliminary hearing due to his inability to properly prepare. (Doc. 1, at 13.) Plaintiff Lowry alleges that James Colgan was his "defense attorney/standby counsel" and that he was "representing [himself] at the time." *Id*. Plaintiff Lowery alleges that he is "traumatized" and "emotionally distressed" by these actions and injustices done against him. Lowery alleges that the judges did not order counsel to give Lowery discovery after he waived the right to counsel and they failed to overrule the agreement between

the county prosecutors and the public defenders. Plaintiff Lowery then alleges that he is represented by Elaine Halley and she is withholding discovery from him. *Id*. at 14. Lowery alleges that he is being forced to use a public defender. *Id*. at 15. Lowery seeks one million dollars from the State of Kansas, one million dollars from Leavenworth County, and $75,000 from each defendant. *Id*.

In the Supplement, Plaintiffs alleges that they all have pending cases in the District Court of Leavenworth County, Kansas. (Doc. 3, at 5.) However, only Plaintiff Lowery sets forth facts regarding his individual situation. Plaintiff Lowery alleges that he filed a complaint with the chief judge in mid-January but the agreement between the prosecutors and public defenders still remains in place. *Id*. He alleges that "[n]ot giving us our discovery violates our due process and right to assist our counsel." *Id*.

The Complaint names the following defendants: the State of Kansas; Leavenworth County; (fnu) (lnu) Leavenworth County Public Defender; Todd Thomason, Leavenworth County Attorney; Megan Williams, Leavenworth County Attorney; Benjamin N. Casad, Leavenworth County Public Defender; E. Elaine Hulley, Leavenworth County Public Defender; James Colgan, Leavenworth County Public Defender; Gerald Kuckleman, Leavenworth County District Judge; and (fnu) King, Leavenworth County Chief Judge.

Plaintiffs seek three million dollars for "emotional stress"; three million dollars for discrimination; and to have their state criminal cases dismissed. (Doc. 1, at 6.) In the Supplement, Plaintiffs also seek an additional one million dollars for negligence.

**Discussion**

The Court found in the MOSC that: the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment; the official capacity

claims against the state officials for monetary damages are barred by sovereign immunity; state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983;  Plaintiffs' claims against the county prosecutors fail on the ground of prosecutorial immunity; Plaintiffs' claims against the state court judges should be dismissed on the basis of judicial immunity; Plaintiffs have not shown that the state court defense attorneys were acting under color of state law as required under § 1983; a request for release from imprisonment must be brought in a habeas action; the Court may be prohibited from hearing Plaintiffs' claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971); and Plaintiffs' request for compensatory damages for "emotional stress" is barred by 42 U.S.C. § 1997e(e), because Plaintiffs have failed to allege a physical injury.

The Court found that to the extent Plaintiffs challenge the validity of any sentence in their state criminal cases, those federal claims must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court

in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim seeking release from imprisonment or challenging a state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiffs may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, they must show that their conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. If a Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiffs have not alleged that any conviction or sentence has been invalidated.

**Responses to the MOSC**

The responses to the MOSC fail to address the deficiencies set forth in the MOSC and fail to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. The responses filed by Plaintiff Pemberton (Docs. 21, 37), Plaintiff McAlister (Doc. 26), and

Plaintiff Hill (Doc. 33), set forth details of their state criminal cases, but fail to address the deficiencies set forth in the MOSC.[1]

The response filed by Plaintiff Clark (Doc. 36) states that he does not want to be involved in this action and is unaware of how his name was added as a plaintiff.  Plaintiff Clark states that his name is actually Tyrell Clark, not Terrell Clark.  Plaintiff Clark is concerned that he will be required to pay installments on the filing fee in this case.  However, Plaintiff Clark was dismissed from this action and was not granted leave to proceed *in forma pauperis*.  Therefore, he is not obligated to make installment payments.

**Plaintiff Lowery's Amended Complaint**

Plaintiff Lowery has filed a proposed Amended Complaint listing himself as the only plaintiff.  His Amended Complaint continues to list the State of Kansas, county attorneys, judges and public defenders as defendants.  Plaintiff Lowery claims that "[t]he District Court of Leavenworth County, Judges, Public Defenders, and County Attorneys are violating defendants['] sixth amendment rights and 14th equal protection rights." (Doc. 25, at 4.)  Plaintiff Lowery seeks monetary damages from the defendants.  He claims ineffective assistance of counsel because the assigned public defenders are not allowing defendants to keep discovery in their possession.  *Id*. at 8.  Plaintiff's Lowery's Amended Complaint fails to address the deficiencies set forth in the MOSC.  Therefore, he has failed to show good cause why this matter should not be dismissed and his motion to amend is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Lowery's motion to amend complaint (Doc. 25) is **denied.**

---

[1] In his response at Doc. 37, Plaintiff Pemberton also sets forth allegations regarding PREA violations, medical care, and the conditions at the LCJ.  However, these claims were not raised in the Complaint and do not apply to the co-plaintiffs.  If Plaintiff Pemberton feels he has a valid claim regarding his conditions of confinement at the LCJ, he should file a proper § 1983 action after he follows the grievance procedures available at the LCJ.

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 9, 2021, in Topeka, Kansas.**

>S/ Sam A. Crow
>SAM A. CROW
>SENIOR U. S. DISTRICT JUDGE