IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAJUAN S.L. LOWERY, et al.,

    Plaintiffs,

    v.                                          CASE NO. 21-3107-SAC

STATE OF KANSAS, el al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiffs bring this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiffs are detained at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"). On May 11, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 13) ("MOSC"), granting Plaintiffs until June 8, 2021, in which to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. The Court reviewed the responses to the MOSC and Plaintiff Lowery's motion to amend complaint, and dismissed this matter for failure to state a claim on June 9, 2021. (Docs. 38, 39.) This matter is before the Court on the motions to reopen the case filed by Plaintiffs Lowery (Doc. 43) and McAlister (Doc. 44) and the response (Doc. 45) filed by Plaintiff Pemberton.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiffs' motions were filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

1

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiffs Lowery and McAlister allege that they were unable to respond to the MOSC because the law library was not available due to the weather and technical problems. They also ask the court to reconsider Plaintiff Lowery's motion to amend the complaint. Plaintiff Pemberton's response sets forth allegations regarding his conditions of confinement that are unrelated to the claims in this case. Plaintiffs fail to address the deficiencies set forth in the MOSC and fail to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

Plaintiffs do not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiffs have failed to meet the standard required for this Court to alter or amend its June 9, 2021 Memorandum and Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' motions to reopen this case (Docs. 43, 44) are **denied.** This case remains closed.

**IT IS SO ORDERED**.

**Dated June 29, 2021, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**