IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAJUAN S.L. LOWERY, et al.,**

    **Plaintiffs,**

    v.                                       CASE NO. 21-3107-SAC

**STATE OF KANSAS, el al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiffs bring this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiffs are detained at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"). On May 11, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 13) ("MOSC"), granting Plaintiffs until June 8, 2021, in which to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. The Court reviewed the responses to the MOSC and Plaintiff Lowery's motion to amend complaint, and dismissed this matter for failure to state a claim on June 9, 2021. (Docs. 38, 39.) Plaintiffs Lowery and McAlister filed motions to reopen this case (Docs. 43, 44) which the Court denied on June 29, 2021 (Doc. 48). Plaintiff McAlister filed a second motion to reopen the case (Doc. 51) which the Court denied on July 7, 2021 (Doc. 53). This matter is before the Court on Plaintiff McAlister's third motion to reopen this case (Doc. 54).

    The Court entered a Memorandum and Order (Doc. 48) denying the previous motions to reopen. The Court found that the Plaintiffs failed to meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Plaintiff McAlister makes allegations against his public defenders relating to his state criminal case. The Court previously found that Plaintiffs failed to show that the state court defense attorneys were acting under color of law as required under § 1983; a request for

1

release from imprisonment and a challenge to the validity of any sentence must be brought in a habeas action; and before Plaintiffs may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, they must show that their conviction or sentence has been overturned, reversed, or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff McAlister continued to make the same arguments in his second motion to reopen, and continues to make the same arguments in his third motion to reopen. Plaintiff fails to address the deficiencies set forth in the Court's MOSC and fails to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e) and the Court denies the current motion to reopen for the reasons set forth in the Court's Memorandum and Orders at Doc. 48 and Doc. 53. Any further motions to reopen this case by Plaintiff McAlister based on claims against his state criminal defense attorneys will be summarily denied. In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its June 9, 2021 Memorandum and Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED THAT** Plaintiff's third motion to reopen this case (Doc. 54) is **denied.** This case remains closed.

**IT IS SO ORDERED**.

**Dated July 19, 2021, in Topeka, Kansas.**

                                      **S/ Sam A. Crow**
                                      **SAM A. CROW**
                                      **SENIOR U. S. DISTRICT JUDGE**