IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAJUAN S.L. LOWERY, et al.,**

    **Plaintiffs,**

    v.                                                             CASE NO. 21-3107-SAC

**STATE OF KANSAS, el al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiffs bring this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiffs are detained at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"). On May 11, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 13) ("MOSC"), granting Plaintiffs until June 8, 2021, in which to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. The Court reviewed the responses to the MOSC and Plaintiff Lowery's motion to amend complaint, and dismissed this matter for failure to state a claim on June 9, 2021. (Docs. 38, 39.) Plaintiff Lowery filed a motion to reopen the case (Doc. 43) which the Court denied on June 29, 2021. (Doc. 48.) This matter is before the Court on Plaintiff Lowery's second motion to reopen the case (Doc. 56).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed more than 28 days after the entry of the order, the Court will treat it as a motion under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

Plaintiff's motion does not allege relief under any of the subsections of Rule 60(b). Plaintiff makes allegations regarding his medical care at the LCJ and states that he is seeking to reopen his case to allow him time to get representation and medical treatment. Plaintiff states that he needs time to "finish all [his] administrative remedies" and to answer the Court's Memorandum and Order. (Doc. 56, at 1–2.) Multiple plaintiffs filed this action based on allegations regarding access to discovery in their state criminal cases. Plaintiff's unrelated claims regarding medical care at the LCJ and his need to finish the administrative grievance process do not warrant setting

aside the Court's order dismissing this action. Plaintiff has not met the burden of showing exceptional circumstances warranting relief under Rule 60(b).

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion to reopen this case (Doc. 56) is **denied.** This case remains closed.

**IT IS SO ORDERED**.

Dated August 4, 2021, in Topeka, Kansas.

> <u>S/ Sam A. Crow</u>
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**