IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAJUAN S.L. LOWERY, et al.,**

    **Plaintiffs,**

    v.                                                **CASE NO. 21-3107-SAC**

**STATE OF KANSAS, el al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiffs bring this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiffs are detained at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"). On May 11, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 13) ("MOSC"), granting Plaintiffs until June 8, 2021, in which to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. The Court reviewed the responses to the MOSC and Plaintiff Lowery's motion to amend complaint, and dismissed this matter for failure to state a claim on June 9, 2021. (Docs. 38, 39.) Plaintiff Lowery filed a motion to reopen the case (Doc. 43) which the Court denied on June 29, 2021. (Doc. 48.) Plaintiff Lowery filed a second motion to reopen the case (Doc. 56) which the Court denied on August 4, 2021 (Doc. 57). This matter is before the Court on Plaintiff Lowery's third Motion to Reopen Case (Doc. 60) filed on January 3, 2022.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed more than 28 days after the entry of the order, the Court will

treat it as a motion under Rule 60(b).  See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000).  Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000).  The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

Plaintiff's motion does not allege relief under any of the subsections of Rule 60(b).  Instead, Plaintiff argues that all of the Defendants should be removed from their positions because they have failed to ensure that Plaintiff received a fair trial.  The Court is without authority to grant such relief.  *See Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ( "The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*,

No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008) (finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment) (citing *In re Jones*, 28 F. App'x 133, 134 (3rd Cir. 2002) ("Jones is not entitled to relief . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her.  The federal courts, however, have no general power in mandamus action to compel action, or in this case inaction, by state officials.")); *Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, "the court cannot award this form of relief to plaintiff) (citing 18 U.S.C. § 3626(a)(1)(A)).

The Court's MOSC (Doc. 13) and Memorandum and Order (Doc. 38) set forth in detail the reasons for dismissal of this action.   Plaintiff has failed to address the deficiencies set forth in the Court's orders and failed to show good cause why his case should not be dismissed.  Plaintiff does not address these deficiencies in his third motion to reopen this case and has not met the burden of showing exceptional circumstances warranting relief under Rule 60(b).

**IT IS THEREFORE ORDERED THAT** Plaintiff's third motion to reopen this case (Doc. 60) is **denied.**  This case remains closed.

3

**IT IS SO ORDERED**.

**Dated January 4, 2022, in Topeka, Kansas.**

                                            **S/ Sam A. Crow**
                                            **SAM A. CROW**
                                            **SENIOR U. S. DISTRICT JUDGE**